```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| KENT A. ALLEN,<br><br>                       Plaintiff,<br><br>-against-<br><br>JERMAINE DUPRI (SO SO DEF RECORDING); DAVID KLEIN (CANOPY GROWTH),<br><br>                       Defendants. | 21-CV-3839 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, asserts claims for appropriation of of his idea for a cannabis company named "Canopy Growth." He invokes the federal diversity of citizenship statute, 28 U.S.C. § 1332, as the basis for this Court's jurisdiction. By order dated May 5, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Kent Allen alleges the following facts. One night while Plaintiff was walking with his "birth brother" Roland Powell, also known as "Lil Duval," Plaintiff had to use the bathroom but was far away from his house. He picked up a can that was on the ground and urinated in it, which is when he "thought of the name Canopy Growth."[1] (ECF 2, at 7.) The name came "from a can as the material also because [he] urinated (pee) inside the can." (*Id.*) Plaintiff

---

[1] Canopy Growth is a Smith Falls, Canada-based cannabis company. Defendant David Klein is CEO of Canopy Growth.

also knew of a place in Florida named Canopy. "The growth part come to motion because [Plaintiff is] into gardening so [he] used to put plants inside the can." (*Id.* at 8.)

When Plaintiff was young, he told Powell "to use the name [Canopy Growth] for a large dispensary company because by the time [they] grew up cannabis would be legal[] in many states." (*Id.*) When Plaintiff moved to Atlanta, he did not have further contact with Powell, but he alleges that Powell later because business partners with Defendant Dupri.[2]

Plaintiff alleges that as a result of "loss of memory due to multiple concussion[s] from playing football . . . memory of certain things in [his] childhood was forgotten which is when [he] made contact with these people." (*Id.* at 9.)

Plaintiff maintains that "some of the artists do look to [him] for guidance with their future businesses and also discover problems to help them grasp a competitive advantage," and "only look[s] to be compensated and given credit" for his ideas. (*Id.*) He seeks $55 million in damages.

## DISCUSSION

The Court construes Plaintiff's allegations that he had the idea to use the name "Canopy Growth" for a cannabis dispensary, but was not credited or compensated for these ideas, as seeking relief for copyright or patent infringement.

**A.  The Copyright Act**

The Copyright Act gives the owner of a copyright certain "exclusive rights," 17 U.S.C. § 106, to protect "original works of authorship," 17 U.S.C. § 102(a). "[T]he author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989). To establish copyright infringement, a claimant must show: (1) ownership of a

---

[2] Plaintiff does not explain Dupri's relationship to Canopy Growth or to Klein.

valid copyright; and (2) unauthorized copying of constituent elements of the work that are original. *Feist Publ'n, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Jorgenson v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003).

However, "copyright does not protect an idea, but only the expression of an idea." *Richard J. Zitz, Inc. v. Pereira*, 225 F.3d 646 (2d Cir. 2000) (citing *Kregos v. Associated Press*, 3 F.3d 656, 663 (2d Cir. 1993)); *see* 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea[,] . . . concept, [or] principle, . . . regardless of the form in which it is described, explained, illustrated, or embodied in such work."); *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 547 (1985) ("[N]o author may copyright . . . ideas."); *Williams v. Chrichton*, 84 F.3d 581, 589 (2d Cir. 1996) ("Any similarity in the theme of the parties' works relates to the unprotectible idea of a dinosaur zoo."); *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 501 (2d Cir. 1982) ("Plaintiff cannot copyright the 'idea' of a snowman."); *Dean v. Cameron*, 53 F. Supp. 3d 641, 648 (S.D.N.Y. 2014) ("Plaintiff does not have a monopoly on the idea of floating or airborne land."); *Castorina v. Spike Cable Networks, Inc.*, 784 F. Supp. 2d 107, 112 (E.D.N.Y. 2011) ("[A] theme of 'referencing significant Americans' is an uncopyrightable idea.").

Here, Plaintiff fails to state a claim under the Copyright Act because he does not allege that he created any tangible expression of his ideas or that he holds any copyright.

**B.     Patent Infringement**

"[T]he act of invention itself vests an inventor with a common law or 'natural' right to make, use and sell his or her invention, absent conflicting patent rights in others." *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1578 (D.C. Cir. 1991). But a patent "enlarges the natural right, adding to it the right to exclude others from making, using or selling the patented

4

invention." *Id.* "[O]wnership only of the invention gives no right to exclude, which is obtained only from the patent grant." *Id.* at 1578–79.

The Patent Act of 1952 provides that a civil action for infringement may be brought by "a patentee." 35 U.S.C. § 281. The statute defines "patentee" to include the party to whom the patent was issued and the successors in title to the patent, 35 U.S.C. § 100(d), and has been interpreted to require that a suit for infringement be brought by a party holding legal title to the patent, *Arachnid, Inc.*, 939 F.2d at 1578-79. To state a claim of patent infringement, a plaintiff must allege facts suggesting that the alleged infringer made, used, offered to sell, sold, or imported a patented invention during the term of the plaintiff's patent and without authority to do so. 35 U.S.C. § 271.

Here, Plaintiff alleges only that he had the idea for a cannabis dispensary named "Canopy Growth" – not that he actually developed any technology or was issued a patent. Plaintiff thus fails to state a claim for patent infringement.

**C.    Diversity Jurisdiction Over State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, the Court has dismissed Plaintiff's federal claims. But it appears that Plaintiff may be able to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332, in order to assert his state law claims. Plaintiff alleges that he is a Florida citizen, that Defendants are citizens of Georgia and Smith Falls, Ontario, Canada, and that he seeks damages in excess of $75,000. Even

if the Court can exercise diversity jurisdiction over any state law claims, however, the Court concludes that there are multiple reasons why such claims must be dismissed.[3]

First, any claims based on Plaintiff's allegations that, as a child, he thought of the idea for a cannabis dispensary named Canopy Growth but did not receive credit or compensation would be time-barred, whether they arise under Georgia, New York, or Florida state law. Second, Plaintiff's general idea for a cannabis dispensary is not sufficiently concrete to be a protectible idea under state law. *See, e.g.*, *Schroeder v. Pinterest Inc.*, 133 A.D.3d 12, 29-30, 17 N.Y.S.3d 678, 692 (1st Dep't 2015) (a claim for misappropriation of ideas requires a fiduciary or contractual relationship and that idea be "novel and concrete"); *Educ. Sales Programs, Inc. v. Dreyfus Corp.*, 317 N.Y.S.2d 840, 843 (Sup. Ct., N.Y. Cnty., 1970) ("Not every 'good idea' is a legally protectible idea."); *see also Burgess v. Coca-Cola Co.*, 245 Ga. App. 206, 209 (2000) (holding that to succeed on claim for wrongful appropriation of an unpatented or unpatentable idea or product, the idea must be: "1) . . . novel; 2) [disclosed] in confidence; 3) adopted and made use of by the defendant; and 4) sufficiently concrete in its development to be usable"). Thus, even if it were true that Plaintiff had the idea for a cannabis dispensary or the name Canopy Growth, this alone would not establish any right to relief.

**D.     Leave to Replead is Denied**

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid

---

[3] It is unclear why Plaintiff brings suit in this Court. He alleges that the individual defendants reside outside this district, and appears to allege that the incidents giving rise to his claims took place when he resided in Georgia and Florida. Under 28 U.S.C. § 1391, venue does not appear to lie in this district. Applying New York choice-of-law rules, "the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders." *White v. ABCO Eng'g Corp.*, 221 F.3d 293, 301 (2d Cir. 2000) (citation omitted).

claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead if "the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). Because Plaintiff's claims appear to be wholly implausible and granting leave to amend his complaint would be futile, the Court declines to do so.

**E.    Litigation History**

In less than a month, Plaintiff has filed at least eleven similar actions in this court. On April 19, 2021, Plaintiff filed five actions: (1) *Allen v. Cole*, ECF 1:21-CV-3450, 6 (S.D.N.Y. May 7, 2021) (dismissing the complaint and warning Plaintiff that vexatious or frivolous litigation may result in an order barring him from filing new actions IFP); (2) *Allen v. Patton*, ECF 1:21-CV-3434, 6 (S.D.N.Y. Apr. 30, 2021) (same); (3) *Allen v. Patton*, ECF 1:21-CV-3457, 2 (S.D.N.Y. filed April 19, 2021) (complaint naming William Wang, CEO of Vizio as a third defendant); (4) *Allen v. Patton*, ECF 1:21-CV-3459, 2 (S.D.N.Y. filed April 19, 2021) (complaint naming Sundar Pichai of Google as a third defendant and also alleging that Plaintiff had the idea for Spotify); and (5) *Allen v. Patton*, ECF 1:21-CV-3468, 2 (S.D.N.Y. filed April 19, 2021) (complaint naming Amazon founder Jeff Bezos). In each action, Plaintiff has sought IFP status.

Ten days later, and before this Court warned Plaintiff, he filed this action (No. 21-CV-3839) and four additional actions where he sought to proceed IFP: (1) *Allen v. Finley*, ECF 1:21-

7

CV-3840, 2 (S.D.N.Y. filed April 29, 2021) (complaint alleging that Plaintiff invented the business name "Aquafina"); (2) *Allen v. Cole*, ECF 1:21-CV-3844, 2 (S.D.N.Y. filed April 29, 2021) (complaint describing Plaintiff's "time dating [Defendant Keyshia Cole] [and] . . . develop[ing] her as a R&B singer"); (3) *Allen v. Almanazar*, ECF 1:21-CV-3838, 2 (S.D.N.Y. filed April 29, 2021) (complaint describing Plaintiff's relationship with his "birth sister . . . Belcalis Almanzar (Cardi B)" and his attempts to reach her through Snapchat); and (4) *Allen v. Thomas*, ECF 1:21-CV-3841, 2 (S.D.N.Y. filed April 29, 2021) (complaint describing Plaintiff's creation of the name "GameStop").

Finally, on May 7, 2021, after the Court had warned Plaintiff about continuing to file frivolous and vexatious litigation, he filed two additional actions: (1) *Allen v. Tenev*, ECF 1:21-CV-4119, 2 (S.D.N.Y. filed May 7, 2021) (complaint alleging that, as a child, Plaintiff "thought about how Robin Hood the cartoon show should also be used for stock trading"); and (2) *Allen v. Patton*, ECF 1:21-CV-4123, 2 (S.D.N.Y. filed May 7, 2021) (complaint alleging that Plaintiff had the idea for Uber).

The Court again warns Plaintiff that vexatious or frivolous litigation in this Court may result in an order barring Plaintiff from filing new actions IFP unless he receives prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint, brought IFP under 28 U.S.C. § 1915(b), is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 18, 2021
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                           Chief United States District Judge